SCHWAB *v.* COMBS.

1. APPEAL AND ERROR—APPROVED REPORT OF CIRCUIT COURT COMMISSIONER—DE NOVO REVIEW.

In suit by elderly grantor to set aside deed of homestead to daughter and her husband, where testimony taken by the circuit court commissioner and exhibits received in evidence are in the record and the circuit judge confirmed and approved the commissioner's report, recommending that the bill be dismissed, the Supreme Court reviews the case *de novo.*

2. DEEDS—FRAUD—SUBSTANTIAL PERFORMANCE—EVIDENCE.

In suit by elderly grantor to set aside deed of homestead which had been executed by her late husband and herself to their daughter and her husband who agreed to care for the parents during their lifetime, who fully performed as to the father and were willing to perform as to mother, absence of evidence of fraud or substantial failure of performance justified decree dismissing bill.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 9, 1943. (Docket No. 33, Calendar No. 42,226.) Decided May 19, 1943. Rehearing denied June 30, 1943.

Bill by Elizabeth Schwab against Robert H. Combs and wife to set aside a deed, for an accounting and other relief. Decree for defendants. Plaintiff appeals. Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for plaintiff.

*John S. Dayton* (*Francis K. Young,* of counsel), for defendants.

Boyles, C. J.   Elizabeth Schwab, nearly 80 years of age, filed this bill of complaint in the Wayne county circuit court in chancery to set aside a deed of her homestead given to her daughter, Hazel Combs, and the latter's husband, Robert H. Combs, defendants herein.   There was a contemporaneous written agreement in which the defendants agreed to care for plaintiff and her late husband during their lifetimes.   The circuit judge referred the cause to a circuit court commissioner for the taking of testimony and for findings of fact and conclusions of law.   The testimony taken by the commissioner and the exhibits received in evidence are in the record and we review the case *de novo.*   The commissioner recommended that the bill be dismissed, the circuit judge confirmed and approved the report and entered a decree dismissing the bill of complaint.

We agree with the circuit judge that the findings of fact by the commissioner are supported by the testimony.   For some years prior to May, 1940, the plaintiff and Lewis J. Schwab, her then husband, were the owners by the entireties of a small homestead and dwelling in Plymouth township, Wayne county.   On May 20, 1940, plaintiff and her then husband went to the office of an attorney, together with the defendants, and there executed and delivered to defendants a conveyance of the property in question in which the grantors reserved to themselves a life estate; and in a supplemental written agreement the defendants herein agreed to furnish care, food, medical services, take care of plaintiff and her husband, and pay the expenses of their last sickness and burial.   According to credible testimony of the attorney who prepared the papers, the deed and the agreement were fully explained to plaintiff and her husband and fully understood by them.   The papers

themselves indicate careful preparation and consideration for the rights of plaintiff and her husband. The defendants sold a house which they had owned, moved in with plaintiff and her husband, expended about $300 in repairs and equipment, and took care of plaintiff and her husband. Before this bill of complaint was filed, the husband, Lewis Schwab, died. The defendants fully performed their part of the agreement as to him. They paid the last sickness and funeral expenses of Lewis J. Schwab, amounting to about $400. After plaintiff's husband died, some of her other children learned of the deed and agreement and the trouble started. Without recounting the various incidents of this controversy, the record is convincing that most of the difficulty arose because other children were trying to upset the arrangement. The record before us fails to establish that plaintiff was defrauded or that the agreement and the deed were procured by any fraud perpetrated by the defendants. Nor is there anything to indicate any substantial failure on the part of the defendants to perform their part of the agreement. At the time of the hearing, plaintiff was in feeble health and plainly confused in her recollection of occurrences in the home. But disinterested witnesses testified that plaintiff and her husband had sought a similar arrangement with others, and that plaintiff had expressed her satisfaction with defendants' performance of their agreement. We find an absence of any proof of fraud, or of substantial failure of performance by defendants. They are still willing to carry out their contract. We concur in the conclusion reached by the commissioner and confirmed by the court, that with a reasonable degree of cooperation on the part of the other sons and daughters and the in-laws of the plaintiff it is pos-

sible for the defendants to continue in the performance of the agreement.

The decree is affirmed, but without costs.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.